**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| TYRONE CARY JONES, | : | |
| | : | |
| Petitioner, | : | CASE NO.: 1:06-CR-20 (WLS) |
| | : | |
| v. | : | CASE NO.: 1:07-CV-90018 (WLS) |
| | : | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| _____ | : | |

**<u>ORDER</u>**

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed July 31, 2008. (Doc. 36). It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 16) be denied. (Doc. 36 at 9-10). Petitioner timely filed an Objection to the Recommendation. (Doc. 39).

For the following reasons, the objections set forth in Petitioner's Objection (Doc. 39) are **OVERRULED** and United States Magistrate Judge Faircloth's July 31, 2008 Report and Recommendation (Doc. 36) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 16) is **DENIED**.

On September 18, 2006, Petitioner pled guilty to a two-count Information charging him with possession with intent to distribute of both crack and powder cocaine. (Doc. 3 (Information); Doc. 7 (Plea Agreement)). On December 20, 2006, this Court sentenced Petitioner to a term of imprisonment of 188 months on each Count, to be served concurrently.

(Doc. 11 (Judgment)).  No direct appeal of conviction or sentence was filed by Petitioner.  (*See generally* Docket).

Judge Faircloth's Recommendation addresses all of Grounds One through Four raised by Petitioner in his § 2255 Motion (Doc. 16).  Grounds One through Four all emanate from the same allegation by Petitioner: that he received ineffective assistance from his trial counsel in violation of his constitutional rights during the plea and appeal process.  (*See generally* Doc. 16 at 4-10).  Petitioner asserts that the alleged ineffective assistance of trial counsel warrants the alteration or vacation of his sentence.

Judge Faircloth's Recommendation concludes that Petitioner failed to carry his burden in satisfying the two-pronged test applied by the Supreme Court to claims of ineffective assistance of counsel arising out of the plea process.  (Doc. 36 at 5, 9 (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985))).  Based on the facts and evidence presented in Petitioner's case, Judge Faircloth finds that Petitioner "has failed to carry his burden of showing that his attorney's representation fell below reasonable standards under the law and particularly under the factual circumstances of Petitioner's case."  (*Id.* at 9).  Because he finds that Petitioner did not meet the first prong of the Hill v. Lockhart test, Judge Faircloth makes no finding on the second "prejudice requirement," in which Petitioner is required to "show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial."  (*Id.* at 5).  Concluding that "[t]here is no factual nor legal basis for [Petitioner's] present claims," Judge Faircloth recommends that Petitioner's § 2255 Motion be denied.  (*Id.* at 9-10).

Petitioner's Objection (Doc. 39), as asserted in the Government's Response thereto (Doc. 41) and as found by this Court, does no more than restate arguments already raised in previous hearings and filings and already addressed by Judge Faircloth's Recommendation.  Petitioner's

Objection does not apply the facts of his case to the first prong of the <u>Hill v. Lockhart</u> test to show that his trial counsel's actions fell below reasonable standards.  Petitioner cites much law regarding ineffective assistance doctrine, but is light on the facts of his case, and "[c]onclusory allegations of ineffective assistance are insufficient."  <u>Wilson v. United States</u>, 962 F.2d 996 (11th Cir. 1992).

Even if the first prong were met by Petitioner – and the Court finds that it is not – the second prong of the <u>Hill v. Lockhart</u> test is not satisfied by Petitioner's Objection.  Petitioner argues that had he known that the quantity of drugs in the report may have been erroneously inflated and that potential issues may have existed with the search warrant, then he would not have pleaded guilty.  Given the evidence, however, the Court finds Petitioner's assertions merely speculative and insufficient to satisfy his burden.  Regarding the quantity of drugs, Petitioner's Objection admits that he had at least "140 grams of a mixture of crack and powder cocaine or 56 grams of crack cocaine and 84 grams of powder cocaine."  (Doc. 39 at 12).  As the Government states in its Response (Doc. 41), and as supported by the Judgment (Doc. 11), these amounts comport with the charged offenses of Possession with Intent to Distribute More Than 50 Grams of Cocaine Base and Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine.  Regarding the search warrant, as Judge Faircloth observed in his Recommendation (Doc. 36), the Plea Agreement's Stipulation of Fact (Doc. 7 at 9-11) establishes that authorities observed Petitioner conducting narcotics transactions immediately before his arrest, providing sufficient probable cause for a warrantless search.  The Court finds that Petitioner has failed to show that he would not have pleaded guilty under these circumstances.

Judge Faircloth's Recommendation also addresses Petitioner's allegations that his trial counsel should have appealed Petitioner's sentence.   Judge Faircloth concludes that the testimony of trial counsel that there was nothing to appeal because this Court's sentence was within the United States Sentencing Guidelines is more serious and credible than Petitioner's cursory references to an appeal of his sentence.  (Doc. 36 at 3-4).  Petitioner's Objection (Doc. 39) fails to assert any error in Judge Faircloth's conclusion.   Indeed, the terms of the Plea Agreement signed by Petitioner state that he had the right to appeal only if his sentence exceeded the advisory guideline range.  (Doc. 7 at 4-5).

As detailed by Judge Faircloth's Recommendation, Petitioner stood before this Court on September 18, 2006, and affirmed under oath that he had read and understood the Plea Agreement, that his plea of guilty was offered voluntarily, and that he offered the guilty plea on Petitioner's belief that he was in fact guilty of the charges.   Nothing raised in Petitioner's Objection (Doc. 39) has shown that this Court's acceptance of that plea was erroneous, nor that he had any right to appeal his sentence.   Therefore, the Court finds that Plaintiff's Objection (Doc. 39) fails to rebut the legally sound recommendation of Judge Faircloth.  The objections set forth in Petitioner's Objection (Doc. 39) are **OVERRULED** and United States Magistrate Judge Faircloth's July 31, 2008 Report and Recommendation (Doc. 36) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Petitioner's

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 16) is

**DENIED**.


**SO ORDERED**, this  21st day of April, 2010.


       /s/ W. Louis Sands                     
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**